UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERLINDA R. ARCE, | ) | 1:07cv0505 LJO DLB |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| v. | ) | |
| RICHARD POMARES, et al., | ) | |
| Defendants. | ) | |

Defendants Richard and Charlene Pomares ("Defendants"), appearing pro se and proceeding in forma pauperis, removed this action from the Stanislaus County Superior Court on March 30, 2007.

**BACKGROUND**

Defendants are attempting to remove an unlawful detainer action for failure to pay rent, Stanislaus County Superior Court Case Number 612885, filed on February 13, 2007. After a trial in Superior Court, judgment was entered against Defendants and the Court awarded possession of the real property to Plaintiff Erlinda R. Arce ("Plaintiff"). Declaration of Anthony Drew Rowe ("Rowe Dec."), ¶ 3.

Defendants removed the action to this Court on March 30, 2007, purportedly pursuant to this Court's federal question jurisdiction.

On May 4, 2007, Plaintiff filed a motion to remand the action to state court, as well as an application for an order shortening time for service and hearing of the motion. Plaintiff argues that the notice of removal was brought in bad faith and beyond the time for filing such a notice. In the accompanying declaration, Plaintiff's counsel requests an order shortening time based on the belief that Defendants filed the notice of removal for the sole purpose of wrongfully delaying the execution of the writ of possession. Rowe Dec., ¶ 4. Defendants served the notice of removal on the last court day prior to the execution of the writ. Rowe Dec., ¶ 4.

## **DISCUSSION**

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378 (1994) (citations omitted). Federal courts are presumably without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. (citations omitted). Lack of subject matter jurisdiction is never waived and may be raised by either party or the court at any time. Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir.1996). "Nothing is to be more jealously guarded by a court than its jurisdiction." In re Mooney, 841 F.2d 1003, 1006 (9th Cir.1988) (overruled on other grounds).

The right to remove a case from state to federal court is entirely a creature of statute; the types of cases that may be removed and the conditions under which they may be removed are governed entirely by federal statutes. 28 U.S.C. §§ 1441 et. seq. The defendant seeking removal of an action to federal court has the burden of establishing the grounds for federal jurisdiction in the case and the burden of showing that he has complied with the procedural requirement for removal. California ex rel. Lockyer v. Dynegy, 375 F.3d 831 (9th Cir. 2004).

Defendants make only vague references to the bases on which they seek removal. They complain of improper service, fraudulent proceedings, and violations of their right to a jury trial in the state court action. Notice of Removal, at 2-3. However, these allegations do not render the underlying action removable. A cause of action under federal law arises "only when the plaintiff's well-pleaded complaint raises issues of federal law." In re Miles, 430 F.3d 1083, 1088

1  (9th Cir. 2005). In other words, the complaint filed by Plaintiff in the Stanislaus County Court
2  must present questions of federal law for this case to be removable. That is not the case, as the
3  unlawful detainer action contains only issues of state law. Defendants' allegations of
4  constitutional violations occurring during the state action do not make the action removable.
5      The Court therefore finds no basis for removal of this action. Accordingly, the Court
6  ORDERS that the Notice of Removal BE DISMISSED WITHOUT LEAVE TO AMEND for
7  lack of jurisdiction.
8      This terminates this action in its entirety. The clerk is directed to close this action.

10  IT IS SO ORDERED.
11  **Dated:   May 7, 2007**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE

3